**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GUILLERMO MORALES FIGUEROA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-1243

Agency No.
A092-444-258

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2023[**]

Before: CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Guillermo Morales Figueroa, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ's") decision denying his applications for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and review de novo questions of law. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's decision to deny Morales Figueroa's application for cancellation of removal as a matter of discretion. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Patel v. Garland*, 142 S. Ct. 1614, 1622-23 (2022) (where the agency denies a form of relief listed in 8 U.S.C. § 1252(a)(2)(B)(i), federal courts have jurisdiction to review constitutional claims and questions of law, but not factual findings and discretionary decisions). The petition does not raise a colorable legal or constitutional claim over which we retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

We do not disturb the agency's determination that Morales Figueroa failed to establish he suffered harm that rises to the level of persecution. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (applicant has burden of proving that treatment rises to the level of persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard). Substantial evidence supports the conclusion that Morales Figueroa failed to establish a reasonable possibility of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003)

21-1243

(possibility of future persecution "too speculative").

Because Morales Figueroa failed to establish eligibility for asylum, he failed to satisfy the standard for withholding of removal in this case. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021). Thus, Morales Figueroa's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Morales Figueroa failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Morales Figueroa's claim the IJ violated due process by preventing him from presenting his case and failing to consider his testimony fails because he has not shown error. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error required to prevail on a due process claim).

We do not consider the materials Morales Figueroa submitted that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**